980 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert CHUMAN; Nancy Woo; Kyle Townson, Plaintiffs-Appellees,
v.
Craig A. WRIGHT; City of Los Angeles, Defendants,
and
Mark P. Fronterotta; Louis Perez; Edmund Woods,
Defendants-Appellants.
 No. 92-55007.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1992.
Decided Nov. 30, 1992.
 
 Before TANG, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Chuman, Nancy Woo, and Kyle Townson brought this action under 28 U.S.C. § 1983 against the police officers who participated in a search of their home. They allege the officers used unreasonable and excessive force in executing a search warrant, thereby violating their Fourth Amendment rights. Officers Mark P. Fronterotta, Louis Perez, and Edmund Woods moved for summary judgment on the ground that plaintiffs failed to show which officer committed the allegedly unconstitutional acts and on the ground of qualified immunity. The district court denied the motion as to both issues.
 
 
 3
 The officers appeal. As a general rule, this court lacks jurisdiction to review a denial of summary judgment. 28 U.S.C. § 1291; Roth v. Veteran's Administration, 856 F.2d 1401, 1404 (9th Cir.1988). However, an order denying a motion for summary judgment on the issue of qualified immunity is reviewable. Roth, 856 F.2d at 1404 (citing Mitchell v. Forsyth, 472 U.S. 511, 530 (1985)). Thus, we consider only this issue and we affirm.[1]
 
 
 4
 The only question for review of the denial of summary judgment on qualified immunity is whether the government agents acted reasonably under settled law in the circumstances. Hunter v. Bryant, 112 S.Ct. 534, 537 (1991). The officers contend that the search of the home was constitutional because it was conducted pursuant to a valid warrant.
 
 
 5
 By the time of this search, this circuit had clearly established that "the reasonableness of a search authorized by a valid warrant may be vitiated 'by the manner in which the police conducted the search....' " Bergquist v. County of Cochise, 806 F.2d 1364, 1369 (9th Cir.1986), disapproved on other grounds, Merritt v. County of Los Angeles, 875 F.2d 765 (9th Cir.1989) (quoting United States v. Penn, 647 F.2d 876, 882 (9th Cir.) (en banc), cert. denied, 449 U.S. 903 (1980)). Officers' conduct in destroying property during a search "must be evaluated against a reasonableness standard to determine whether the officers violated either the fourth or the fourteenth amendment." Bergquist, 806 F.2d at 1369.
 
 
 6
 Chuman, Woo, and Townson have adduced evidence that Fronterotta, Perez, and Woods were among a group of law enforcement agents that stormed their home, sending projectiles through the windows and breaking into the residence. The evidence also shows that the officers tore paneling from walls, tore holes in floors and ceilings, and damaged and destroyed furnishings and personal effects.
 
 
 7
 This evidence raises a triable issue as to whether a reasonable officer could have believed that executing the warrant in this manner was reasonable and proper. Based on the record before us, the district court properly denied the officers' motion for summary judgment concerning their entitlement to qualified immunity.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Officer Woods contends that the district court erred in denying summary judgment because the plaintiffs presented insufficient evidence of his involvement. The denial of summary judgment on sufficiency of the evidence grounds is not reviewable as an interlocutory appeal. See Roth, 856 F.2d at 1404
 
 
 [2]
 In support of their argument that the district court erred in denying summary judgment on grounds of qualified immunity, the officers cite the Fourth Circuit case of Paschaly v. City of Lynchburg, 897 F.2d 723 (4th Cir.1990). The instant case is clearly distinguishable. First, the search in Paschaly did not result in massive destruction to the plaintiff's residence, which is the claim here. Second, the trial court in Paschaly found the search to have been reasonable, which is the very opposite of the district court's finding here. Third, in the Ninth Circuit, the law was clearly established that excessive force in the execution of a search may violate the Fourth Amendment. Bergquist, 806 F.2d at 1369